IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH JOHN MALINOWSKI,

        Plaintiff,                    No. Misc. S-09-0014 WBS EFB PS

    vs.

[NONE],

        Defendant.                <u>ORDER</u>
_____/

        On March 6, 2009, plaintiff filed this matter as a "Miscellaneous case," and paid the $39 filing fee for such actions.[1] The initially filed document requested the opening of "a Misc. case file under Article III Section I, for the purpose of setting up an evidence file for a pending case." Dckt. No. 1.

        Thereafter, plaintiff filed several documents reflecting plaintiff's dispute with the Internal Revenue Service. *See* Dckt. Nos. 2-33. Among these documents is a "Default Notice," which, *inter alia*, seeks entry of default against Internal Revenue Service Commissioner C. Douglas

////

////

---

[1] While plaintiff states that he enclosed a money order for $49.00, the receipt generated by the Clerk of Court indicates that $39.00 was received.

Schulman, and IRS officer Ed Sabrack.[2] Plaintiff asserts that this court should enter default against these defendants because they did not timely respond to plaintiff's Request for Notice and Demand for Verified Assessment, sent to defendants on March 7, 2009. *See* Dckt. No. 23, at pp. 3-5. More fundamentally, plaintiff challenges a February 6, 2009 "Notice of Federal Tax Lien Filing," addressed to the "Boaz Foundation" as the "nominee or alter-ego for Kenneth J and Patricia I Malinowski." *Id*. at pp. 8-13. The liens encumber real property that appears to be plaintiff's residence, and show an unpaid assessment in excess of one million dollars.

This action fails to meet the criteria for a "Miscellaneous case" warranting the reduced filing fee. A "'Miscellaneous Case/Action' is a number assigned to an ancillary or supplementary proceeding not defined as a civil or criminal action." *See* E. D. Cal. L. R. ("Local Rule") 1-101 (Definitions). In general, miscellaneous actions are used to resolve an administrative matter related to another, regularly filed, action, e.g., registration of a judgment from another district court for enforcement purposes. In contrast, the instant action presents a direct challenge to decisions reached by the Internal Revenue Service, and must proceed, if at all, as a regular civil action pursuant to a proper complaint and payment of the full filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may, within ten (10) days of the filing date of this order:

   a. File a complaint that conforms with the format and content requirements of the local and federal rules of court, *and*

   b. Pay the full filing fee for initiating a civil action ($350 minus his previous filing fee of $39), *or*

---

[2] Also among the filed documents is an order of this court filed October 22, 2004, dismissing a similar action by plaintiff under the name of "Kenneth John [Malinowski]," against "Ed Sabrac[k]," Civ. S-04-380 MCE PAN PS. As in the present case, plaintiff demonstrated disregard of the court's procedures. *See*, e.g., June 29, 2004 order of former Magistrate Judge Nowinski directing plaintiff to appear (which he did not) "to address his egregious conduct during the course of this litigation, his threats on defendant, impudent refusal to adhere to the rules of litigation, inappropriate filings with the court, and insolent refusal [previously] to appear."

      c. Withdraw the present action.

    2. Should plaintiff fail to timely file a proper complaint and pay the full filing fee, the Clerk of Court will be directed to close this case.

    SO ORDERED.

DATED: August 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE